IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| ARON LYNN VANDEWATER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 2:24-cv-00035 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| FRANK BISIGNANO, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

# MEMORANDUM OPINION AND ORDER

Pending before the Court[1] is a Report and Recommendation (Doc. No. 16, "R&R") of the Magistrate Judge, wherein the Magistrate Judge recommends that this Court deny Plaintiff's motion for judgment on the record (Doc. No. 10) and affirm the decision of Defendant (the "Commissioner"). Plaintiff filed objections to the R&R (Doc. No. 17, "Objections").

For the reasons stated herein, the Court overrules the Objections, adopts the findings of the Magistrate Judge in the R&R, denies Plaintiff's motion for judgment on the administrative record, and affirms the decision of the Commissioner.

## PROCEDURAL BACKGROUND

Plaintiff Aron Lynn Vandewater ("Plaintiff") applied for disability insurance benefits under Title II of the Social Security Act, alleging disability due to several impairments. His application was initially denied, and a hearing was held before an Administrative Law Judge ("ALJ").

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

On June 29, 2023, the ALJ issued a written decision concluding that Plaintiff was not disabled within the meaning of the Social Security Act. The ALJ found that Plaintiff had several medically determinable impairments that imposed some limitations, but ultimately concluded that Plaintiff retained the residual functional capacity ("RFC") to perform a reduced range of unskilled work, including jobs that exist in significant numbers in the national economy. The Appeals Council[2] denied review, rendering the ALJ's decision the final decision of the Commissioner.

Plaintiff subsequently filed this action under 42 U.S.C. § 405(g) to obtain judicial review of the Commissioner's final decision on the grounds that the decision was based on improper legal standards and unsupported by substantial evidence. In the R&R, as indicated above, the Magistrate Judge recommended that Plaintiff be denied relief on the merits. In the Objections, the substance of which spans a mere two pages, Plaintiff refers to the R&R only in passing and, even then, only cursorily. Rather than mention anything specific about the substance of the R&R or why it is wrong, the Objections skip over what happened at the report-and-recommendation stage and instead argue that the ALJ erred in failing to consider all of the evidence provided by Plaintiff and corresponding medical records.

## LEGAL STANDARD

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party

---

[2] Within the Office of Analytics of the Social Security Administration, Review, and Oversight, the Appeals Council considers appeals from hearing decisions and acts as the final level of administrative review for the agency.

may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context." *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019) (internal citations and quotation marks omitted).

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias; Hart v. Bee Property Mgmt.*, No. 18-cv-11851, 2019 WL 1242372, at * 1 (E.D. Mich. March 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)). It follows that when no objection is made, the report and recommendation can be summarily adopted by the district judge. Absent objection, a district court may adopt a report and recommendation without further review. *See, e.g.*, *Cherry v. Frederick*, No. 5:23-CV-01164, 2025 WL 1637669, at *2 (N.D. Ohio June 10, 2025) (citing *Peretz v. United States*, 501 U.S. 923, 939 (1991) and *Thomas v. Arn*, 474 U.S. 140, 141–42 (1985)).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed the R&R and the Objections, as well as other related filings including Plaintiff's motion for judgment on the record (Doc. No. 10), Defendant's response that motion (Doc. No. 14), and Plaintiff's reply to that response. (Doc. No. 15). Below, the Court conducts a *de novo* analysis of the portions of the R&R challenged by the Objections.[3]

ANALYSIS

The Magistrate Judge reviewed the ALJ's decision in detail and concluded that it was supported by substantial evidence and free of legal error. The R&R addressed each of Plaintiff's claims of error, including those related to the evaluation of the medical opinion evidence, the RFC assessment, and the credibility of Plaintiff's statements.

Plaintiff's Objections largely reiterate the arguments raised in his motion for judgment on the administrative record (Doc. No. 10). Specifically, Plaintiff objects to the R&R on the ground that the ALJ failed to adequately consider all relevant evidence, particularly Plaintiff's medical records and testimony concerning significant limitations in the use of her hands. Plaintiff contends that the ALJ did not fully credit her testimony regarding the residual effects of bilateral carpal tunnel surgeries, De Quervain's disease, the use of prescribed braces, and medical documentation reflecting ongoing functional impairments. Further, Plaintiff asserts that the ALJ's hypothetical question to the vocational expert did not accurately reflect these physical limitations, rendering the

---

[3] The Court uses the term "Objections" to refer (in the singular) to the document filed by Plaintiff purportedly to object to the R&R and uses the term "objections" (in the plural) to refer to claims made in response to a report and recommendation regarding what is wrong with the analysis and/or conclusion(s) in the report and recommendation. As suggested herein, the Court need not review mere *purported* objections; rather, it need only review actual objections, and the Objections do not contain any actual objections, so there is nothing for the Court to review.

expert's testimony insufficient to constitute substantial evidence under Sixth Circuit precedent. Additionally, Plaintiff cites authority from other circuits, including *Mascio v. Colvin*, 780 F.3d 632,638 (4th Cir. 2015) to argue that the ALJ erred by failing to properly account for her limitations in concentration, persistence, or pace when assessing her residual functional capacity.

The problem is that Plaintiff, in the Objections, sets forth no actual objections to the R&R. That is, Plaintiff discusses only what was wrong with *the underlying decision of the ALJ,* and not what is wrong with *the R&R resolution* of Plaintiff's claims regarding what was (supposedly) wrong with the ALJ's decision. At best, the Objections merely states (in the briefest and most cursory and conclusory of terms) a disagreement with a magistrate's suggested resolution, and simply summarizes what has been presented before; this is not an objection as that term is used in this context. *Frias*, 2019 WL 549506, at *2. In other words, Plaintiff at best has filed vague, general, or conclusory *purported* objections, and this is tantamount to a complete failure to object. Because Plaintiff has failed to identify with particularity as required one or more specific portions of the R&R to which an objection is made, Plaintiff has failed to make any cognizable objections. And as noted above, this failure releases the Court from its duty to independently review the matter and enables the Court to summarily adopt the recommendations in the R&R

## CONCLUSION

For the reasons discussed herein, any purported objections in Plaintiff's Objections (Doc. No. 17) are OVERRULED, and the Court ADOPTS the Magistrate Judge's R&R (Doc. No. 16). Accordingly, Plaintiff's motion for judgment on the administrative record (Doc. No. 10) is DENIED, and the decision of the Commissioner is affirmed.

The Clerk shall enter judgment under Rule 58 and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE